UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Hodge, et al.,<br><br>                      Plaintiff,<br><br>v.<br><br>Nationstar Mortgage LLC,<br><br>                      Defendant. | Case No.: 18-cv-00601-AJB-JLB<br><br>**ORDER:<br>(1) ISSUING FURTHER MONETARY SANCTIONS; AND<br>(2) RECOMMENDING DISMISSAL OF THIS ACTION** |

## I. BACKGROUND

On May 29, 2018, attorney Matin Rajabov, counsel for plaintiffs, failed to attend a court-ordered Settlement Disposition Conference. (ECF Nos. 10 and 11.) On May 29, 2018, an Order to Show Cause was issued ordering Matin Rajobov: (1) by June 5, 2018, to file a declaration informing the Court why he did not attend the Settlement Disposition Conference and why sanctions should not be imposed for his failure to appear; and (2) to attend a show cause hearing on June 14, 2018. (ECF No. 13.) A second Settlement Disposition Conference was set for June 14, 2018. (ECF No. 12.)

A show cause hearing was held on June 14, 2018 before Magistrate Judge Jill L. Burkhardt in Courtroom 5C, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. Matin Rajabov failed to appear. He had also failed to file the declaration he had been ordered to file by June 5, 2018. (*See* ECF Nos. 13, 14.) Further, Matin Rajabov failed to appear at the second, telephonic Settlement Disposition Conference held following the show cause hearing on June 14, 2018. (ECF No. 15.)

Based on this record, on June 19, 2018, the Court issued an order, concluding that "Matin Rajabov should be sanctioned for his failure to appear at the court-ordered

telephonic Settlement Disposition Conference held on May 29, 2018 and that the imposition of a $250.00 monetary sanction is both reasonable and just." (ECF No. 18.) The Court's June 19, 2018 Order directed Matin Rajabov to pay $250.00 to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury on or before June 29, 2018. (*Id*.) Matin Rajabov has not paid this sanction.

The Court's June 19, 2018 Order also directed that "[o]n or before **July 6, 2018**, Matin Rajabov shall file a declaration informing the Court why additional monetary sanctions in the amount of $500.00 should not be imposed for his failure to comply with court orders requiring him to: (1) file a declaration on June 5, 2018 (ECF No. 13); (2) attend the show cause hearing held on June 14, 2018 (*id*.; ECF No. 14); and (3) appear for the telephonic Settlement Disposition Conference held on June 14, 2018 (ECF Nos. 12, 15)." (ECF No. 18 at 2 (emphasis in original).) Finally, the June 19, 2018 Order cautioned Plaintiffs and their attorney Matin Rajabov as follows: "the Court **GIVES NOTICE** to Plaintiffs and their attorney, Matin Rajabov, that further failure to comply with Court orders or to meaningfully participate in this case **SHALL result in a recommendation of dismissal** of Plaintiffs' claims in this case." (*Id*. at 3 (emphasis in original).)

A show cause hearing was held on July 12, 2018 before Magistrate Judge Jill L. Burkhardt in Courtroom 5C, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. (ECF No. 20.) Again, Matin Rajabov failed to appear. (*Id*.) He had also failed to file the declaration he had been ordered to file by July 6, 2018. (*See* ECF No. 18.)

## II. ANALYSIS

Despite this Court's prior orders sanctioning Plaintiff's counsel, requesting declarations, and cautioning both Plaintiffs' and their counsel that this Court would recommend terminating sanctions for further noncompliance with court orders, Plaintiffs failed to comply with this Court's June 19, 2018 Order. (ECF Nos. 18, 20.) Specifically, Plaintiffs' attorney Matin Rajabov failed to file a declaration by July 6, 2018 and appear

2

18-cv-00601-AJB-JLB

for the show cause hearing held on July 12, 2018, which was set to address prior violations of court orders. On this record, the additional monetary sanctions in the amount of $500.00 is reasonable and just for Plaintiffs' counsel's failure to comply with court orders requiring counsel to: (1) file a declaration by June 5, 2018; (2) attend the first show cause hearing held on June 14, 2018; and appear for the second, telephonic Settlement Disposition Conference also held on June 14, 2018. *See* Fed. R. Civ. P. 16(f); CivLR83.1.a.

In addition, dismissal is an appropriate and just sanction against Plaintiffs in this case. District courts have inherent authority to impose sanctions, including dismissal, for bad-faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Further, Civil Local Rule 83.1 provides that the "Failure of counsel or of any party to comply . . . with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1.a. Five factors are relevant to a court's determination as to whether dismissal is an appropriate sanction: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See In re Phenylpropanolamine (In re PPA) Products Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, each of the five factors that determine whether dismissal is an appropriate sanction weigh in favor of dismissal. This case involves causes of action allegedly arising from Defendant's loan modification practices with respect to Plaintiffs' home mortgage. (*See* ECF No. 1-2.) Yet, the record reflects that there is nothing left for the parties to litigate in this action. On April 23, 2018, Defendant filed a Notice of Settlement that represented, "Plaintiffs Joseph Hodge and Michele Hodge ("Plaintiffs") and Defendant Nationstar

//
//

Mortgage LLC ("Nationstar") have settled all claims between them in this matter. The parties are in the process of completing the final settlement documents and expect to file a Voluntary Dismissal with Prejudice within the next sixty (60) days." (ECF No. 9.)

In the telephonic settlement disposition conferences held in this matter (for which Plaintiffs' counsel failed to appear) (ECF Nos. 11, 15), Defendant's counsel represented to this Court that there is nothing left for Defendant to do to effectuate the parties' settlement agreement. Defendant represented that it performed the conditional terms of the settlement agreement and delivered a written settlement agreement to Plaintiffs. Defendant's counsel represented that Plaintiffs' counsel has not provided any meaningful explanation for Plaintiffs' failure to execute the written settlement agreement and dismiss this action. Based on Defendant's counsel's representations to this Court, Plaintiffs' counsel has been unresponsive to nearly all of Defendant's counsel's repeated attempts to communicate by mail, e-mail, and telephone. On this record, dismissal is an appropriate sanction.

### III. CONCLUSION

IT IS **ORDERED** that Matin Rajabov is ORDERED to pay **$500.00** to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury on or before **July 30, 2018**.[1] CivLR83.1.b.[2] In addition, no later than **July 30, 2018,** Matin Rajabov is ORDERED to pay the previously ordered **$250.00** (ECF No. 18) to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury.

///

---

[1] Again, this sanction is for counsel's failure to file a declaration by June 5, 2018, attend the first show cause hearing held on June 14, 2018; and appear for the second telephonic Settlement Disposition Conference held on June 14, 2018. This sanction is in addition to, and does not alter, counsel's pending obligation to satisfy the $250.00 past-due sanction already ordered by the Court on June 19, 2018. (ECF No. 18.)

[2] Payment may be made at the Cashier's window in the lobby of Room 420, 333 West Broadway, San Diego CA 92101, or by mail addressed to the Office of the Clerk, U.S. District Court, Southern District of California, Financial Department, 333 West Broadway, Room 420, San Diego, CA 92101. *See* https://www.casd.uscourts.gov (select "Court Info," then "FAQ").

FURTHER, this Court **RECOMMENDS** that this case be **DISMISSED** for Plaintiffs' and Plaintiffs' counsel's failure to comply with Court orders and meaningfully participate in this case since the filing of the April 2018 Notice of Settlement. With respect to this recommendation of dismissal, **IT IS ORDERED** that no later than **July 30, 2018**, any party to this action may file written objections to this Recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Recommendation of Dismissal." **IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **August 6, 2018**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: July 16, 2018

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge