UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HODGE, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>         Defendant. | Case No.: 18-cv-00601-AJB-JLB<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION; AND**<br><br>**(2) DISMISSING THE CASE WITH PREJUDICE**<br><br>(Doc. No. 21) |

   Presently before the Court is Magistrate Judge Jill L. Burkhardt's Report and Recommendation ("R&R"), which was issued on July 16, 2018. (Doc. No. 21.) On May 29, 2018, attorney Matin Rajabov, counsel for plaintiffs, failed to attend a court-ordered Settlement Disposition Conference. (Doc. Nos. 10 and 11.) On May 29, 2018, an Order to Show Cause was issued by Magistrate Judge Burkhardt ordering Matin Rajabov: (1) by June 5, 2018, to file a declaration informing the Court why he did not attend the Settlement Disposition Conference and why sanctions should not be imposed for his failure to appear; and (2) to attend a show cause hearing on June 14, 2018. (Doc. No. 13.) Matin Rajabov failed to appear on June 14, 2018. On June 19, 2018, Magistrate Judge Burkhardt issued

an Order concluding that Matin Rajabov should be sanctioned for his failure to appear at the court-ordered Settlement Disposition Conference and that the imposition of a $250.00 monetary sanction is both reasonable and just. (Doc. No. 18.) Further, the June 19, 2018 Order also directed Matin Rajabov to file a declaration informing the Court why an additional monetary sanction in the amount of $500.00 should not be imposed for his failure to comply with court orders. (Doc. No. 18.) A show cause hearing was again held on July 12, 2018 before Magistrate Judge Burkhardt and Matin Rajabov failed to appear. (Doc. No. 20.)

The R&R recommends that this case be dismissed for Plaintiffs' and Plaintiffs' counsel's failure to comply with Court orders and meaningfully participate in this case since the filing of the April 2018 Notice of Settlement. (Doc. No. 21 at 5.) The parties were instructed to file written objections to the R&R by July 30, 2018, and a reply to the objections no later than August 6, 2018. (*Id.*)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note to the 1983 amendment; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Neither party has filed objections to Magistrate Judge Burkhardt's R&R. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Burkhardt's R&R in its entirety; and (2) **DISMISSES** the case **WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: December 3, 2018

Hon. Anthony J. Battaglia
United States District Judge